```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA     :
                             :   Crim. No.
         v.                  :
                             :
OKPAKO MIKE DIAMREYAN,       :   VIOLATIONS: 18 U.S.C. § 1343 & 2
                             :   (Wire fraud)
            Defendant.       :
```

## <u>I N D I C T M E N T</u>

The Grand Jury charges that, at all times relevant to this Indictment:

**COUNTS ONE TO THREE**
**(Wire Fraud)**

1. OKPAKO MIKE DIAMREYAN, the defendant, was a citizen of Nigeria who resided at times in Nigeria, Ghana, and the United States.

2. In an "advance fee" scam, one or more perpetrators persuade a victim to pay a sum of money, <u>i.e.</u>, the advance fee, in order to obtain a larger sum of money or other valuable assets. The victim never actually receives the larger sum of money or assets.

<u>The Scheme and Artifice to Defraud</u>

3. From in or about August 2004 through in or about August 2009, in the District of Connecticut and elsewhere, OKPAKO MIKE DIAMREYAN, the defendant, and others known and unknown to the grand jury, devised a scheme and artifice to defraud, and for obtaining money by means of materially false and fraudulent

pretenses, representations, and promises; to wit, DIAMREYAN and others perpetrated advance fee scams against victims in Connecticut and throughout the United States.

    4. It was a part of the scheme and artifice to defraud that OKPAKO MIKE DIAMREYAN, the defendant, and others known and unknown to the grand jury:

    a. exchanged information about potential victims who were susceptible to advance fee scams;

    b. sent email messages to potential victims containing false and fraudulent representations concerning large sums of money or other valuable assets that could be obtained by the victims;

    c. made false and fraudulent representations by email and by telephone to potential victims concerning advance fees that had to be paid in order for the victims to obtain the purported money or assets;

    d. posed as attorneys, government or bank officials, representatives of international organizations, and other individuals in order to persuade potential victims to pay the advance fees;

    e. provided false and fraudulent documents to potential victims in order to substantiate the existence of the purported money and assets and to persuade the victims to pay the advance fees; and

    f. caused numerous victims to transfer money to the defendant and others, both directly and indirectly through intermediaries in the United States, in order to pay the advance fees.

<u>The Wire Communications</u>

    5. From in or about August 2004 through in or about August 2009, in the District of Connecticut and elsewhere, MIKE OKPAKO DIAMREYAN, the defendant, and others known and unknown to the grand jury, for the purpose of executing the scheme and artifice, did transmit and cause to be transmitted in interstate and foreign commerce, by means of a wire communication, the following writings, signs, signals, and sounds, each enumerated wire communication constituting a separate count of the Indictment:

| <u>COUNT</u> | <u>DATE</u> | <u>WIRE COMMUNICATION</u> |
|---|---|---|
| ONE | Aug. 19, 2006 | Telephone call from DIAMREYAN in Ghana to an individual in Connecticut ("I-1"), whose identity is known to the grand jury |
| TWO | Aug. 22, 2006 | Wire transfer of $50 via Western Union from I-1 in Connecticut to DIAMREYAN in Ghana |
| THREE | Aug. 26, 2006 | Wire transfer of $100 via Western Union from I-1 in Connecticut to an individual in Massachusetts, whose identity is known to the grand jury |

  All in violation of Title 18, United States Code, Sections 1343 and 2.

**FORFEITURE ALLEGATION**

6.   Upon conviction of one or more of the wire fraud offenses alleged in Counts One through Three of this Indictment, OKPAKO MIKE DIAMREYAN, the defendant, shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461(c), all right, title, and interest in any and all property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1343, and a sum of money equal to the total amount of proceeds obtained as a result of the offenses.

7.   If any of the above-described forfeitable property, as a result of any act or omission of the OKPAKO MIKE DIAMREYAN, the defendant, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek

forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

All in accordance with 18 U.S.C. § 981(a)(1), as incorporated by 28 U.S.C. § 2461(c), and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL

/s/_____
FOREPERSON

UNITED STATES OF AMERICA

/s/ Nora R. Dannehy
NORA R. DANNEHY
UNITED STATES ATTORNEY


ANTHONY E. KAPLAN
SUPERVISORY ASSISTANT UNITED STATES ATTORNEY

/s/ Edward Chang
EDWARD CHANG
ASSISTANT UNITED STATES ATTORNEY