UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA       :
                               :  No. 3:09 Cr. 260 (JCH)
        v.                     :
                               :
OKPAKO MIKE DIAMREYAN,         :
                               :  March 26, 2010
                Defendant.     :

RESPONSE TO ORDER TO SHOW CAUSE

Undersigned counsel for the United States of America respectfully submits this response to the Court's order to show cause, dated March 22, 2010, as to why sanctions should not be imposed for counsel's failure to cooperate or communicate with the Probation Office.  As explained more fully below, undersigned counsel respectfully submits that sanctions should not be imposed, because (1) undersigned counsel has timely provided the information requested by the probation officer, and (2) any delay in responding to the request was not intentionally or willfully in disregard of the request by the probation officer or of any order of the Court.  Specifically, undersigned counsel represents as follows:

1.   Jury selection in this matter took place on February 9, 2010.  A jury verdict was returned on February 16, 2010.  Following the jury verdict, the Court directed the preparation of a pre-sentence report ("PSR") by March 30, 2010.

2.   On February 18, 2010, U.S. Probation Officer Ray Lopez contacted undersigned counsel by email to request copies of

relevant file material to assist in the preparation of the PSR. At the time, and through the remainder of the week, counsel was away from the office on annual leave.  For most of the following week, starting on February 22, 2010, counsel was on sick leave, attending to the unexpected illness of a family member.

       3.   On March 1, 2010, undersigned counsel returned to the office.  Due to trial preparation, the trial itself, and counsel's time away from the office, undersigned counsel was faced with almost a month-long backlog of email, voicemail, and work.  The work included an appellate brief due on March 15, 2010 in United States v. Randy Baadhio, 09-2395-cr, as well as the general press of business.

       4.   Upon reading the email from Probation Officer Lopez, undersigned counsel deferred an immediate response, knowing that the investigating agents had been actively engaged since the jury verdict in attempting to contact victims and to substantiate the Government's claims as to loss amount and number of victims.  It was the intent of undersigned counsel to allow the agents sufficient time to investigate issues relevant to sentencing before preparing a "Government's version" of the offense conduct based on the agents' findings.  Undersigned counsel acknowledges that he should have responded promptly to the email from Probation Officer Lopez and explained the situation, and undersigned counsel sincerely regrets any

2

inconvenience or misunderstanding that may have resulted from the lack of communication.

5.   On Monday, March 22, 2010, at 10:51 a.m., Probation Officer Lopez sent an email to undersigned counsel, asking for information "ASAP" in order to prepare the pre-sentence report by March 30, 2010.  Six minutes later, undersigned counsel responded that he would provide Probation Officer Lopez with the information by the following day.  Two minutes later, Probation Officer Lopez acknowledged counsel's response.

6.   On Tuesday, March 23, 2010, undersigned counsel provided Probation Officer Lopez and counsel for the defendant with the Government's version of the offense conduct, as well as documents supporting the assertions therein.  Undersigned counsel included a spreadsheet summarizing victim losses as currently calculated, with the caveat that the investigating agents were still attempting to contact victims.

7.   On Wednesday, March 24, 2010, Probation Officer Lopez advised undersigned counsel that he expected to make a timely first disclosure of the pre-sentence report on March 30, 2010.

8.   Under the circumstances, undersigned counsel respectfully submits that sanctions should not be imposed in this case.  While counsel should have responded promptly to the

initial inquiry by Probation Officer Lopez, no deadline has been
missed, the schedule established by the Court has not been
delayed, and undersigned counsel did not intentionally or
willfully disregard any request by the Probation Office or any
order of the Court.  Accordingly, undersigned counsel
respectfully requests that sanctions not be imposed in this case.


                    Respectfully submitted,

                    NORA R. DANNEHY
                    UNITED STATES ATTORNEY


                    /s/ Edward Chang
                    EDWARD CHANG (ct26472)
                    ASSISTANT UNITED STATES ATTORNEY
                    157 Church Street, 23d Floor
                    New Haven, CT 06510
                    Tel: (203)821-3700
                    Fax: (203)773-5376

<u>CERTIFICATE OF SERVICE</u>

      Pursuant to Title 28, United States Code, Section 1746, and Rule 5(b) of the Local Civil Rules of the United States District Court for the District of Connecticut, I hereby certify that a copy of the document(s) listed below:

     Response to Order to Show Cause

was filed electronically and was served by electronic mail on the following parties:

     Jonathan J. Einhorn, Esq.
     412 Orange St.
     New Haven, CT 06511

Notice of this filing will be sent by email to anyone unable to electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

      I certify under penalty of perjury that the foregoing is true and correct.

Dated:   March 26, 2010


                /s/ Edward Chang
                EDWARD CHANG