UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 3:09CR260 (JCH) |
| VS. | |
| OKPAKU MIKE DIAMREYAN | MARCH 30, 2010 |

**DEFENDANT'S MEMORANDUM IN OPPOSITION
TO GOVERNMENT'S CLAIM OF LOSS**

Defendant Okpaku Mike Diamreyan respectfully submits this memorandum of law in opposition to (i) the imposition of a sixteen level loss enhancement under Section 2B1.1(b)(1) of the United States Sentencing Guidelines ("U.S.S.G."); (ii) the imposition of any enhancement for the number of victims between 50 and 250 under U.S.S.G. § 2B1.1(b)(2); and (iii) an order of restitution.

**PRELIMINARY STATEMENT**

Contrary to the Probation Office's recommendation and the government's arguments in its Proposed Offense Conduct, the Court should not enhance defendants' base offense levels under U.S.S.G. § 2B1.1(b)(1) by 16 levels. Nor should it impose an enhancement based on the number of victims under § 2B1.1(b)(2)(B), or order restitution.[1]

First, there is no proof or evidence whatsoever that the defendant caused any loss to the 52 "victims" cited in the as defendant's schedule attached as Exhibit A, with the exception of those persons who testified at trial as victims: David Cotton, Michael Pandelos, and Richard Smith. The government has not satisfied its burden of proving that

---
[1] It is not clear that the government will be seeking restitution. See, Par. 62 of the PSR.

the defendant's conduct proximately caused a loss to those 52 persons, as it is required to do in accordance with the Supreme Court's decision in *Dura*, and the Second Circuit's decision in *Rutkosk,* by merely submitting a chart compiled by agents. Thus, imposing a 16 level loss enhancement would be inappropriate.

Second, because the government failed to prove that anyone except those four persons suffered an actual loss, it would be improper for the Court to impose an enhancement based on the number of victims. The Guidelines define "victims" to include only those persons who "sustained any part of the actual loss determined under subsection (b)(1)."

Third, restitution under the Mandatory Victims Restitution Act ("MVRA") is neither required nor warranted here.

Specifically, Exhibit A, which was never disclosed before trial, appears to refer to a total of 3,714 payments to 52 alleged victims. Of those 3,588 payments were "sent to others". The totals of these payments are $1,306,533.90. The Government bears the burden of proving that these victims and payments were related to the same conspiracy found by the jury in its verdict. To date, nearly all of the names cited as victims are of mysterious origin and background, as are the details of their alleged payments. The total loss claimed and the total number of victims far exceeds the evidence at trial where the loss was never specified but believed to be in the $30,000.00 area.

ARGUMENT

POINT I

**A SIXTEEN LEVEL LOSS ENHANCEMENT IS INAPPROPRIATE**

Under U.S.S.G. § 2B1.1(b)(1), a defendant's base offense level may be enhanced based upon the amount of "loss" attributable to the offense — defined as the "greater of actual loss or intended loss." U.S.S.G. § 2B1.1 (App. Note 3(A)). "Actual loss means the reasonably foreseeable pecuniary harm that resulted from the offense." Id. (App. Note 3(A)(0).

"[T]he amount of loss caused by a fraud is a critical determinant of the length of a defendant's sentence." *United States v. Rutkoske*, 506 F.3d 170, 179 (2d Cir. 2007), cent denied, 128 S. Ct. 2488 (2008). The greater the loss resulting from the fraud, the greater the enhancement (and period of incarceration). See U.S.S.G. § 2B1.1. As a result, a defendant can have his or her base offense level (and period of incarceration) increased exponentially because of the pecuniary loss caused by the offense.

The government bears the burden of proof with respect to establishing (i) the fact of loss; (ii) the cause of the loss; and (iii) the quantum of any loss by a preponderance of the evidence. See, e.g., *United States v. Jones*, 531 F.3d 163, 176 (2d Cir. 2008). Though absolute precision is not always necessary, a sentencing court cannot engage in speculation. *United States v. Deutsch*, 987 F.2d 878, 886 (2d Cir. 1993). On the contrary, in a wire fraud case like this one, the loss causation analysis necessary to increase a sentence of imprisonment must be at least as rigorous as that required in a civil setting, where only money is at stake. In particular, in his concurring opinion in *Gall v. United*

3

*States*, 128 S. Ct. 586, 602-03 (2007), Justice Scalia stated that "[… door ... remains open for a defendant to demonstrate that his sentence ... would not have been upheld but for the existence of a fact found by the sentencing judge and not by the jury."

In *United States vs. Rutkoske*, the Second Circuit looked to the loss causation standards set in the civil context by the Supreme Court in *Dura Pharmaceuticals Inc. v. Broudo*, 544 U.S. 336 (2005): "[W]e see no reason why considerations relevant to loss causation in a civil fraud case should not apply, at least as strongly, to a sentencing regime in which the amount of loss caused by a fraud is a critical determinant of the length of the defendant's sentence." *Rutkoske*, 506 F.3d at 179 (emphasis added)); see also *United States v. Olis*, 429 F.3d 540, 546 (5th Cir. 2005).

Under *Dura* and *Rutkoske,* to obtain a sentencing enhancement for loss, the government must prove not only the fact and quantum of loss, but also proximate causation: "the loss must be the result of the fraud." *Rutkoske*, 506 F.3d at 179 (emphasis added) (quoting *United States v. Ebbers*, 458 F.3d 110, 128 (2d Cir. 2006), cert denied, 127 S. Ct. 1483 (2007)); accord *Olis,* 429 F.3d at 545-46 (defendant is "responsible at sentencing only to the extent that losses are caused directly by the offense conduct"); see also *Dura,* 544 U.S. at 343 ("To 'touch upon' a loss is not to cause a loss, and it is the latter that the law requires.").   Thus, a sentencing court "must take a realistic, economic approach to determine what losses the defendant truly caused. . . ." [is], 429 F.3d at 546 (internal quotations omitted); see also id. at 547 (noting the "importance of thorough analyses grounded in economic reality."). See also *United States v. Roble*, 166 F.3d 444, 455 (2d Cir. 1999) ("If there was no economic loss to the [purported victim], there was no 'loss' for Guidelines purposes").

POINT II

**THE COURT SHOULD NOT IMPOSE A FOUR LEVEL ENHANCEMENT BASED ON 50 TO 250 VICTIMS**

A sentencing enhancement under U.S.S.G. § 2BI.1(b)(2) is not proper since the government failed to prove that there were any victims of the offense except the three who testified at trial. The Sentencing Guidelines define "victim" as "any person who sustained any part of the actual loss." U.S.S.G. § 2B 1.1, App. Note 1.

As a matter of law, in the absence of an actual loss, there can be no victims; thus, for this reason, a sentencing enhancement based on the number of victims with unproven losses would be improper here. *United States v. Abiodun*, 536 F.3d 162, 169 (2d Cir. 2008) (remanding for re-sentencing because district court counted certain "victims" who did not suffer any part of the calculated "actual loss"); *United States v. Leach,* 417 F.3d 1099, 1107-08 (10th Cir. 2005) ("Because the loss suffered by these [purported victims] was not part of the actual loss determined by the court under U.S.S.G. § 2B1.1(b)(1)(F), the district court erred by counting [them] as 'victims' for the purposes of an enhancement under U.S.S.G. § 2B 1.1(b)(2).").

Alternatively, even if the Court concludes that there was an actual loss to the 52 victims, but that the loss cannot be reasonably ascertained, an enhancement under § 2B 1.1(b)(2) would still be improper. A condition precedent for imposing a multiple victim enhancement is the determination of an actual loss. See U.S.S.G. § 2B 1.1 App. Note 1 (defining "victim" as "any person who sustained any part of the actual loss determined under subsection (b)(1)." (emphasis added)); see also *Abiodun*, 536 F.3d at 169

POINT III

**RESTITUTION IS NEITHER REQUIRED NOR WARRANTED IN THIS CASE**

The Mandatory Victim Restitution Act ("MVRA") requires full restitution for any "offense against property under this title [i.e., Title 18] . . . including any offense committed by fraud or deceit . . . in which an identifiable victim or victims has suffered . . pecuniary loss." 18 U.S.C. § 3663A(c)(1)(A)(ii)&(B) (emphasis added).  § 3663A covers only offenses "in which an identifiable victim or victims has suffered a . . . pecuniary loss." § 3663A(c)(1)(B) (emphasis added). Restitution may be awarded only in the amount that such victim or victims actually lost as a result of the offense. § 3663A(b)(1)(B); *Hughey v. United States*, 495 U.S. 411, 418, 420 (1990).

Additionally, the MVRA does not apply, because "the number of identifiable victims" would be "so large as to make restitution impracticable" and "determining complex issues of fact related to the cause or amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process." 18 U.S.C. § 3663A(c)(3); see *United States v. Rigas* (*In re W.R. Huff Asset Mgmt. Co.*), 409 F.3d 555, 563 (2d Cir. 2005) (holding that in such circumstances, "victims are not entitled to mandatory restitution"). Even if possible, attempting to resolve these issues would unduly complicate and prolong the sentencing proceedings. Thus, the MVRA is inapplicable in this case.

But even if the Court were to find actual loss, the Court in its discretion should decline to award restitution under § 3663, because of the impracticability of identifying the victims and their compensable harms. See 18 U.S.C. § 3664(a); cf. *In re Huff*, 409 F.3d at 563. Indeed, it is notable that evidently the government has made no submission

to the Probation Office seeking a restitution recommendation. For all of these reasons, the Court should not impose restitution in this case.

In a similar situation in *United States v. Ferguson,* 3:06cr137 (CFD), Docket Entry 1164, Judge Droney refused to find restitution in that it would have complicated and prolonged the sentencing process and in that such restitution would be available through civil process. As noted at p. 18 of his Ruling,

> In *United States v. Reifler*, the court explained that "Congress plainly intended that sentencing courts not become embroiled in intricate issues of proof, as it provided that the MYRA is to be inapplicable if the court finds that the determination of complex factual issues related to the cause or amount of victims' losses would unduly burden the sentencing process." 446 F.3d 65, 136 (2d Cir. 2006).

## CONCLUSION

For all of the foregoing reasons, the Court should not enhance defendants' base Guidelines offense by 16 levels for loss under U.S.S.G. § 2B1.1(b)(1) or for the number of victims between 50 and 250 under § 2B1.1(b)(2). In addition, the Court should not

order restitution in this case.

          THE DEFENDANT
          OKPAKO MIKE DIAMREYAN

*/s/ Jonathan J. Einhorn*

JONATHAN J. EINHORN, ESQ.
412 ORANGE STREET
NEW HAVEN, CONNECTICUT 06511
FEDERAL BAR NO. ct00163
einhornlawoffice@gmail.com
203-777-3777

CERTIFICATION

I hereby certify that on this 30^(TH) day of March, 2010, a copy of the foregoing pleading was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicted on the Notice of Electronic Filing. Parties may access this filing through the Courts CM/ECF System.

/s/ *Jonathan J. Einhorn*